**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**FILED**

MAY 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



AMERICAN FIRE AND CASUALTY
COMPANY,

      Plaintiff-counter-
      defendant-Appellee,

  v.

UNFORGETTABLE COATINGS, INC.;
MUIRFIELD VILLAGE HOMEOWNER'S
ASSOCIATION,

      Defendants-counter-
      claimants-Appellants.

No.   23-15727

D.C. No.
2:21-cv-01555-JCM-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 10, 2024
Pasadena, California

Before: BERZON and MENDOZA, Circuit Judges, and BOLTON,[**] District
Judge.

      Unforgettable Coatings, Inc. ("UCI") and Muirfield Village Homeowner's

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

Association ("Muirfield") appeal from the district court's order granting American Fire and Casualty Company's ("AFCC") motion for judgment on the pleadings. We have jurisdiction under 28 U.S.C. § 1291, review de novo the district court's order granting judgment on the pleadings, *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 796 (9th Cir. 2024), and affirm.[1]

1.      Muirfield argues that UCI is entitled to coverage under its commercial general liability ("CGL") insurance policy with AFCC ("Policy") because alleged property damage to Muirfield's condominiums was caused by an "occurrence" within the meaning of the Policy. The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Policy does not define "accident," but the Nevada Supreme Court has defined "accident" in the insurance context as "a happening that is not expected, foreseen, or intended." *Beckwith v. State Farm Fire & Cas. Co.*, 83 P.3d 275, 276 (Nev. 2004) (quoting *Webster's New World Dictionary* 8 (3d ed. 1988)).

We agree with the district court. No unexpected or unforeseen event caused property damage to Muirfield's buildings. UCI contracted with Muirfield to prepare for painting, paint, and maintain wood trim and awnings on Muirfield's

---

[1] AFCC argues that UCI does not have standing to bring suit after it assigned its rights to Muirfield. UCI concedes the point, so we do not address it.

buildings, to remove existing rust and corrosion on the buildings' wrought iron railings, to paint those railings, and to repair cracks in Muirfield's stucco. UCI also agreed to regularly monitor and maintain Muirfield's property. It appears that UCI was derelict in its duties. Where, as here, a contractor agrees to repair and maintain property that is already damaged or at risk of damage, and the contractor fails to perform its contractual duties, any incurred property damage is hardly unexpected or unforeseen. To hold otherwise "would convert this CGL policy into a professional liability policy or a performance bond." *Burlington Ins. Co. v. Oceanic Design & Const., Inc.*, 383 F.3d 940, 949 (9th Cir. 2004). Because none of the alleged damage is covered by the Policy, the district court properly granted AFCC a declaratory judgment of no coverage and judgment on Muirfield's breach of contract counterclaim.[2]

2.    The district court also properly dismissed Muirfield's extracontractual claims for breach of the implied covenant of good faith and fair dealing and unfair trade practices. To state a claim for breach of the implied covenant, a plaintiff must show "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the [insurance] policy." *Allstate Ins. Co. v. Miller*, 212 P.3d

---

[2] Because Muirfield does not argue in its briefing that the Policy provides coverage for the indemnification of attorney's fees, this argument is waived. *See United States v. Lo*, 839 F.3d 777, 787 n.3 (9th Cir. 2016) (waiving an argument that the appellant did not raise in his opening brief).

318, 324 (Nev. 2009) (alteration in original) (quoting *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (Nev. 1986)). Muirfield cannot make this showing because AFCC's denial of coverage was reasonable as a matter of law, as there was no "occurrence" under the Policy.

Muirfield's claim for unfair trade practices under Nev. Rev. Stat. § 686A.310 is similarly premised on AFCC having wrongfully denied UCI coverage under the Policy, which it did not. The district court properly granted judgment on Muirfield's breach of the implied covenant of good faith and fair dealing and unfair trade practices counterclaims.

**AFFIRMED.**